UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHRISTOPHER C JOHNSON., | Case No: 3:25-cv-05629- TMC |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| HOFFENMER INC., | |
| Defendant. | |
| | Jury Trial: Yes |

## INTRODUCTION

1. This is a civil action for actual, and statutory damages and cost brought by Christopher C. Johnson hereinafter, ("Plaintiff") an individual consumer, against defendant, HOFFENMER, INC., hereinafter ("Defendant") for violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, as well as Washington State Consumer Protection Statutes, RCW 19.190.060 and RCW 19.86.020.

2. The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, was enacted by Congress in 1991 to protect the privacy rights of individuals and curb the explosive growth of unsolicited robocalls and automated text messages. As mobile communication became central to

COMPLAINT FOR A CIVIL CASE - 1

modern life, Congress recognized the need to limit invasive practices by telemarketers and businesses using automated systems without proper consent. Similarly, Washington State adopted parallel protections through the Washington Consumer Electronic Mail Act (RCW 19.190), designed to shield Washington residents from deceptive, unsolicited, or harassing electronic communications. Despite these clear federal and state mandates, Defendant Hoffenmer Inc. knowingly and repeatedly contacted Plaintiff via automated text messages—even after Plaintiff explicitly revoked consent by replying "STOP." Defendant's continued communications demonstrate not only a violation of law, but a willful and reckless disregard for Plaintiff's legal rights and privacy.

## BASIS OF JURISDICTION

3. Jurisdiction of this court arises under 28 U.S. C § 1331.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as the Defendant regularly transacts business in this District and the conduct giving rise to this action occurred in substantial part within this District.

5. This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as those claims are so related to the federal claims that they form part of the same case or controversy.

## PARTIES

COMPLAINT FOR A CIVIL CASE - 2

6. Plaintiff Christopher C. Johnson is a natural person and a resident of Puyallup, Washington.

7. Defendant HOFFENMER INC. is an Illinois corporation which may be served through its registered agent PRO TAXES AND ACCOUNTING P.C. 7324 W LAWRENCE AVE HARWOOD HEIGHTS, IL 60706-3504.

## FACTUAL ALLEGATIONS

8. On or around March 19, 2024, Defendant began sending Plaintiff commercial text messages to Plaintiffs Cellular Telephone number ending in 2202 promoting DOT compliance services, including messages referencing regulations and linking to websites such as dotpolicy.us, dotrst.us, and dotmvr.us

9. On multiple occasions, including but not limited to March 19, 2024, May 21, 2024, and November 13, 2024, Plaintiff replied with the word **"STOP"** to revoke any prior consent.

10. Despite these STOP requests, Defendant continued to send text messages on at least eleven occasions, as detailed in **Exhibit A** attached hereto.

11. The content of these messages included aggressive compliance warnings, regulatory citations, threats of fines, and hyperlinks directing Plaintiff to commercial sites. These messages were sent using automated messaging technology and without Plaintiff's consent.

12. Screenshots of these messages are attached hereto as **Exhibit B** demonstrating the ongoing pattern of unsolicited willful and unlawful contact.

13. Defendant acknowledged unsubscription more than once, stating, "You are no longer subscribed to Hoffenmer reminders/notifications," and yet continued sending marketing messages anyway.

14. Plaintiff is the regular user of the 2202 Number that received the above text messages.

15. Plaintiff utilizes the cellular telephone number that received Defendant's calls for personal purposes and the number is Plaintiff's residential telephone line and primary means of reaching Plaintiff at home.

16. Upon information and belief, Defendant maintains and/or has access to outbound transmission reports for all text messages sent advertising/promoting its services and goods. These reports show the dates, times, target telephone numbers, and content of each message sent to Plaintiff.

17. Defendant's failure to honor opt-out requests demonstrates that Defendant does not (1) maintain written policies and procedures regarding its text messaging marketing; (2) provide training to its personnel engaged in telemarketing; and/or (3) maintain a standalone do-not-call list.

18. Defendant's conduct demonstrates a willful and knowing disregard for Plaintiff's rights under the TCPA and Washington State law.

19. Defendant's text message spam caused Plaintiff harm, including violations of his statutory rights, trespass, annoyance, nuisance, invasion of their privacy, and intrusion upon seclusion. Defendant's text messages also occupied storage space on Plaintiff's telephone.

20. Plaintiff has Article III standing to bring this action. Plaintiff suffered a concrete and particularized injury in fact when Defendant repeatedly sent unwanted, non-consensual text messages to Plaintiff's personal cell phone after Plaintiff revoked consent by replying "STOP."

21. This invasion of privacy constitutes a legally recognized injury under the TCPA and has been recognized as sufficient for standing by courts including the Ninth Circuit in Van Patten v. Vertical Fitness Group, 847 F.3d 1037 (9th Cir. 2017).

22. Defendant's conduct is fairly traceable to the injury suffered by Plaintiff, as each message was sent directly by or on behalf of Defendant to Plaintiff.

23. This Court has the authority to redress Plaintiff's injury through statutory damages and injunctive relief as authorized by the TCPA and Washington State law.

**COUNT 1 VIOLATION OF 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d)**

24. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

25. In pertinent part, 47 C.F.R. § 64.1200(d) provides:

No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

(1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

(2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the donot-call list.

(3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a

residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

26. Under 47 C.F.R § 64.1200(e), the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telemarketing calls or texts to wireless telephone numbers.

27. Plaintiff revoked any consent they may have previously provided Defendant by replying with a "stop" or similar opt-out instruction in response to Defendant's text messages.

COMPLAINT FOR A CIVIL CASE - 7

28. Plaintiff terminated any business relationship he may have previously had with Defendant by replying with a "stop" or similar opt-out instruction in response to Defendant's text messages. See 47 C.F.R. § 64.1200(f)(5)(i).(A consumer's "seller-specific do-not-call request * * * terminates an established business relationship for purposes of telemarketing and telephone solicitation even if the subscriber continues to do business with the seller.").

29. Defendant failed to honor Plaintiff and the Internal Do Not Call Class members opt-out requests.

30. Defendant's refusal to honor opt-out requests is indicative of Defendant's failure to implement a written policy for maintaining a do-not-call list and to train its personnel engaged in telemarketing on the existence and use of the do-not-call-list.

31. Thus, Defendant has violated 47 C.F.R. § 64.1200(d).

32. Pursuant to section 227(c)(5) of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every negligent violation.

33. As a result of Defendant's knowing or willful conduct, Plaintiff is entitled to an award of $1,500.00 in statutory damages per violation.

34. Plaintiff is entitled to and seek injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to section 227(c)(5).

## COUNT II: VIOLATION OF RCW 19.190.060 (Washington CEMA)

35. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

36. Defendant sent multiple unsolicited commercial text messages to Plaintiff, a Washington resident without express consent, and after Plaintiff opted out.

37. Pursuant to RCW 19.190.090(1), Plaintiff is entitled to bring a civil action to enjoin further violations of RCW 19.190 and to recover statutory damages of up to $500 per violation, or actual damages, whichever is greater.

38. RCW 19.190.100 further provides that such violations constitute unfair or deceptive acts or practices under the Washington Consumer Protection Act (RCW 19.86), giving rise to additional remedies.

## COUNT III: VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT (RCW 19.86.020)

39. Plaintiff re-alleges and incorporates all preceding paragraphs.

40. Defendant sent multiple unsolicited commercial text messages to Plaintiff, a Washington resident without express consent, and after Plaintiff opted out. This action by the Defendant

COMPLAINT FOR A CIVIL CASE - 9

constitutes an unfair or deceptive act or practice in the conduct of trade or commerce, violating RCW 19.86.020.

41. The violation impacts public interest as it deprives Washington consumers of legal protection and transparency over their credit information.

42. Plaintiff was injured in his property and legal interests, including loss of time, mailing costs, interference with credit management, and denial of legal rights, and cost to bring this action.

43. Plaintiff is entitled to actual damages and treble damages, under RCW 19.86.090.

## JURY DEMAND AND PRAYER FOR RELIEF

Wherefore, Plaintiff Christopher C. Johnson, respectfully demands a jury trial and request that judgment be entered in favor or the Plaintiff against the Defendants for:

1. Statutory damages under 47 C.F.R. § 64.1200(d)(3) for Defendant's failure to honor Plaintiff's internal do-not-call requests, in the amount of $500–$1,500 per violation;
2. Statutory damages under RCW 19.190.090, up to $500 per violation, or actual damages, whichever is greater, for each unsolicited commercial electronic text message sent in violation of Washington law.
3. Treble damages and consumer protection penalties under RCW 19.190.100 and RCW 19.86.090, for unfair or deceptive acts in trade or commerce;

4. Such other and further relief as the Court deems just and proper.

## CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (I) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically, so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discove1y; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date: 7/20/2025

_/s/ Christopher C Johnson_
Christopher C Johnson
5613 121st Street Court E #1
Puyallup, WA 98373
cejay80@gmail.com

COMPLAINT FOR A CIVIL CASE - 11

## EXHIBIT A: Affidavit of Christopher Charles Johnson

I, Christopher Charles Johnson, declare under penalty of perjury under the laws of the United States of America and the State of Washington that the following is true and correct to the best of my knowledge and belief:

1. I am over the age of 18 and competent to testify to the matters stated herein.

2. I am the Plaintiff in this action and a resident of Washington State.

3. Beginning in March 2024, I began receiving numerous unsolicited commercial text messages from Defendant Hoffenmer Inc.

4. On multiple occasions, including but not limited to March 2024 and November 2024, I replied to these text messages with the word "STOP" to revoke any alleged consent to receive further communications.

5. Despite my repeated STOP requests, the Defendant continued to send me text messages promoting their services.

6. These messages were not only unsolicited but also sent after clear revocation of consent, in violation of the TCPA (47 U.S.C. § 227), RCW 19.190

7. The following is a log of the text messages I received after revoking consent:

Exhibit A – Message Log

| # | Date & Time | Message Summary |
|---|---|---|
| 1 | Mar 19, 2024 – 7:27 AM | DOT Safety Policy warning with marketing link |
| 2 | May 21, 2024 – 12:27 PM | Urgent DOT update ('9 days left') |
| 3 | Aug 6, 2024 – 12:24 PM | Past Due Biennial Update Notice |
| 4 | Nov 13, 2024 – 10:11 AM | RST Certification marketing message |
| 5 | Nov 13, 2024 – 11:34 AM | Message after STOP - Compliance officer contact |
| 6 | Nov 13, 2024 – 12:41 PM | Follow-up re: compliance |

|    |   | | |
|----|---|---|---|
|    |   |   | despite opt-out |
| 7  |   | Mar 28, 2025 – 10:23 AM | Biennial Update warning - penalties for late filing |
| 8  |   | Mar 28, 2025 – 11:24 AM | Follow-up message confirming contact after STOP |
| 9  |   | June 16, 2025 – 8:20 AM | MVR Reports due message w/ phone and web link |
| 10 |   | July 15, 2025 – 8:44 AM | Second Past Due Notice + compliance warning |
| 11 |   | July 15, 2025 – 9:57 AM | STOP confirmation but includes marketing text |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 20th day of July, 2025.

Signature: _____

Printed Name: Christopher Charles Johnson

# EXHIBIT B

**CHRISTOPHER CHARLES JOHNSON TRUST**

2024 U.S. DOT Safety Policy for motor carriers and drivers operating under U.S. DOT# 4062627

If your company does not have a valid 2024 Safety Policy actively enforced and signed by all drivers, you are running the risk of failing an U.S. DOT Audit/Review and non-compliance violations. To avoid penalties request your 2024 Safety Policy online:

dotpolicy.us

To learn more or request your policy by phone call:

240-544-0878 M-F: 9AM-5PM CST

Federal Applications Processor, Policies Issuance Dept.

You are no longer subscribed to Hoffenmer reminders/notifications. To re-subscribe please call

---

You are no longer subscribed to Hoffenmer reminders/notifications. To re-subscribe please call
866-866-0217

*May 21, 2024 at 12:27 PM*

9 DAYS LEFT IN MAY to conduct the U.S. DOT Clearinghouse Driver Queries for CHRISTOPHER CHARLES JOHNSON TRUST
U.S. DOT# 4062627

U.S. DOT Requirement CFR 49 382 (CDL drivers only). Noncompliance subject to penalties of $5,000 per driver in 2024

Query Drivers online now:

clearinghouse.us

Alternatively obtain/renew a MANAGED CLH account where Driver Queries are automated and FREE

For for more information contact a Clearinghouse Processing Agent M-F: 9AM-5PM:

240-544-0955

# EXHIBIT B




**Screenshot 1 (8:44):**

Text Message • SMS
Tue, Aug 6 at 12:24 PM

PAST DUE NOTICE

U.S. DOT Biennial Update

CHRISTOPHER CHARLES JOHNSON TRUST
U.S. DOT# 4062627

ONLY 24 DAYS LEFT IN AUGUST TO CORRECT NONCOMPLIANCE

File Online:

dotupdates.us

File by Phone:
240-544-0881
M-F: 9AM-5PM CST

Regulation Details:

U.S. DOT regulation CFR 49 390.201 requires CHRISTOPHER CHARLES JOHNSON TRUST to submit a U.S. DOT Biennial Update once every 24 months in July of even-numbered years. Your last update was filed on April 2023. Noncompliance is subject to penalties in the amount of $10,000, suspension of U.S. DOT# 4062627

**Screenshot 2 (8:45):**

240-544-0881
M-F: 9AM-5PM CST

Regulation Details:

U.S. DOT regulation CFR 49 390.201 requires CHRISTOPHER CHARLES JOHNSON TRUST to submit a U.S. DOT Biennial Update once every 24 months in July of even-numbered years. Your last update was filed on April 2023. Noncompliance is subject to penalties in the amount of $10,000, suspension of U.S. DOT# 4062627 and more frequently Level 1 violations which impact your U.S. DOT Safety Scores which are accessible by brokers and shippers

Federal Applications Processor
Toll Free: 866-866-0217


Stop

You are no longer subscribed to Hoffenmer reminders/notifications. No more msgs. To re-subscribe reply with START to this msg or call 866-866-0217 for support.

The sender is not in your contact list.
Report Junk

# EXHIBIT B



**52698**

Text Message • SMS
Wed, Nov 13 at 10:11 AM

⚠️ URGENT: Final Period to Obtain Required U.S. DOT RST Certification in 2024

CHRISTOPHER CHARLES JOHNSON TRUST
U.S. DOT# 4062627

As of 2024, all motor carriers must hold a valid RST Certificate to stay compliant (FMCSR 382.603). Immediate action is required to avoid potential penalties up to $10,000.

📅 THIS IS THE LAST FILING PERIOD TO OBTAIN RST CERTIFICATION

Request RST Certificates:
📞 Call: 240-544-0949 (M-F: 9AM-5PM CST)
🌐 Online: dotrst.us

Noncompliance may lead to:
- Failed U.S. DOT Audit
- Significant penalties (49 CFR 382.603)

Ensure compliance by obtaining your RST Certificate today.

RST Certificate Issuer
Federal Applications Processor

---



**52698**

📅 THIS IS THE LAST FILING PERIOD TO OBTAIN RST CERTIFICATION

Request RST Certificates:
📞 Call: 240-544-0949 (M-F: 9AM-5PM CST)
🌐 Online: dotrst.us

Noncompliance may lead to:
- Failed U.S. DOT Audit
- Significant penalties (49 CFR 382.603)

Ensure compliance by obtaining your RST Certificate today.

RST Certificate Issuer
Federal Applications Processor

  Stop

Wed, Nov 13 at 11:34 AM

Thank you for contacting Federal Applications Processor Hoffenmer. To chat with a compliance officer online visit: dotsos.us or call (866) 866-0217 to speak with a representative during regular business hours Monday - Friday 9am - 5pm CST.

  STOP

# EXHIBIT B



**8:53**

52698

Wed, Nov 13 at 12:41 PM

Thank you for contacting Federal Applications Processor Hoffenmer. To chat with a compliance officer online visit: dotsos.us or call (866) 866-0217 to speak with a representative during regular business hours Monday - Friday 9am - 5pm CST.

Fri, Mar 28 at 10:23 AM

U.S. DOT B.U. Update **PAST DUE NOTICE** for CHRISTOPHER CHARLES JOHNSON TRUST
U.S. DOT# 4062627

ONLY 2 DAYS LEFT TO COMPLY IN MARCH!

U.S. DOT Biennial Update WAS DUE in July 2024 for CHRISTOPHER CHARLES JOHNSON TRUST
Your update was not filed on time or was filed incompletely (Missing VMT, VMT_YR, etc.)

CFR 49 390.19/201: Penalties up to $10,000 in 2025

File now or check filing status:
>> 888-390-7368
M-F: 9AM-5PM CST

Online:



**9:00**

827368

>> 888-390-7368
(Espanol opcion 8)

Online:
>> updatemydot.us

Federal Applications Processor Hoffenmer - 390.201

Tuesday 9:57 AM



STOP

You have been unsubscribed from receiving important FMCSA & U.S. DOT messages from the Federal Applications Processor Hoffenmer. This may include messages pertaining to your pending applications. To resubscribe call

866-866-0217

or visit dotsos.us to chat with an agent online regarding your U.S. DOT matter.

To resubscribe to receive important U.S. DOT regulation and filing notices reply: 'start'




The sender is not in your contact list.
Report Junk

# EXHIBIT B

9:00



827368

Text Message • SMS
Tuesday 8:44 AM

Second Past Due Notice for
CHRISTOPHER CHARLES JOHNSON
TRUST - U.S. DOT# 4062627

U.S. DOT Regulation FMCSR 390.201

This is a notice of delinquent filing for the owner of U.S. DOT# 4062627. Your required update was due in August 2024. As of July 15 2025 your update did not register on time or was filed incorrectly/incompletely. (Last registration date: 18-Apr-23)

July 2025 compliance begins this week

File by phone or for more info/status check call:

>> 888-390-7368
(Espanol opcion 8)

Online:
>> updatemydot.us

Federal Applications Processor
Hoffenmer - 390.201

Tuesday 9:57 AM